Stephanie Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Christopher Stretch (CA 166752)
Nicolette Shamsian (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:628.600.2250
Facsimile: 628.221.5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com
cstretch@beneschlaw.com
nshamsian@beneschlaw.com

MACY'S LAW DEPARTMENT
MICHAEL C. CHRISTMAN (SBN 319758)
11477 Olde Cabin Road, Suite 400
St. Louis, MO  63141
Telephone: (314) 342-6334
Facsimile: (314) 342-6366
michael.christman@macys.com

Attorneys for Defendant
MACY'S INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLNAZ PAYA individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S INC.,<br><br>Defendant. | Case No. 2:24-cv-10065<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:        Friday, May 30, 2025<br>Time:        10:30 a.m.<br>Courtroom:   8A<br>Judge:       Hon. Josephine L. Staton |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 30, 2025, at 10:30 am or as soon thereafter as the matter may be heard before the Honorable Josephine L. Staton of the United States District Court for the Central District of California, First Street U.S. Courthouse, 350 West 1st Street, Los Angeles, California 90012, Defendant Macy's Inc. ("Macy's" or "Defendant") will and hereby does move the Court for an order dismissing with prejudice the First Amended Complaint ("FAC"), filed by Plaintiff Golnaz Paya ("Paya"), pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim.

Plaintiff's claims fail to satisfy Rules 8 and 9(b) of the Federal Rules of Civil Procedure because Plaintiff does not identify with specificity the representations that she claims deceived her or how she allegedly interpreted them. In any event, reasonable consumers would not misunderstand Macy's clear and repeated disclosures, and Plaintiff does not allege sufficient facts to support her claim that Defendant's reference prices were false or deceptive.

Plaintiff's common-law claims fail on additional factual and legal grounds, including that she fails to identify which state's laws she purports to invoke, she failed to provide pre-suit notice of any alleged breach of contract, and the economic loss rule bars her misrepresentation claims. Plaintiff also cannot seek equitable relief—i.e., restitution or injunctive relief—because she does not explain why damages are an inadequate remedy.

This Motion to Dismiss is based on this Notice; the Memorandum of Points and Authorities; the concurrently filed Request for Judicial Notice and exhibits thereto; any other matters of which the Court may take judicial notice; other documents on file in this action; and such other written or oral argument as may be presented at or before the time the Court takes this Motion under submission. This motion is made following the conference of counsel pursuant to L.R. 7-3, through several calls followed by confirming emails on April 18 and 21, 2025.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**
**Case No. 4:25-cv-00771-KAW**

Dated:  April 30, 2025

Respectfully submitted,

_s/ Meegan B. Brooks_
STEPHANIE SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
CHRISTOPHER STRETCH (CA 166752)
NICOLETTE SHAMSIAN (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP

MICHAEL C. CHRISTMAN (SBN 319758)
Macy's Law Department

Attorneys for Defendant
MACY'S INC.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**
**Case No. 4:25-cv-00771-KAW**

# TABLE OF CONTENTS

**Page**

I.    FACTUAL BACKGROUND.................................................................2
      A.    What Is in the FAC.............................................................2
      B.    What Is Not in the FAC.......................................................3
II.   LEGAL STANDARD ...................................................................6
III.  ARGUMENT.............................................................................7
      A.    All of Plaintiff's Claims Fail Because She Pleads No Facts that the
            Pricing on her Ring Was Misleading .........................................7
            1.    Plaintiff Does Not Specify Her Theory of Deception .........................7
            2.    Reasonable Consumers Would Not Share Plaintiff's
                  Interpretation, Particularly Given Macy's Clear Pricing
                  Policy Disclosures...........................................................8
            3.    Plaintiff Pleads No Facts Suggesting That Macy's Never
                  Offered the Ring at Full Price...............................................9
      B.    Plaintiff's Common-Law Claims Fail for Additional Reasons....................12
            1.    Plaintiff Fails to Allege Which State Law Governs Those
                  Claims .......................................................................12
            2.    Plaintiff's Breach-of-Contract Claim Fails for Additional
                  Reasons ......................................................................13
                  a.    Plaintiff Fails to Allege That She Provided Pre-Suit
                        Notice Required by California Law .........................................13
                  b.    Plaintiff Does Not Allege Any Term that Macy's
                        Breached ..................................................................14
            3.    Plaintiff's Claim for Unjust Enrichment Also Fails ...........................15
            4.    Plaintiff's Intentional- and Negligent-Misrepresentation
                  Claims Must Be Dismissed Under the Economic-Loss Rule ............15
            5.    Macy's Disclosures Foreclose Plaintiff's Fraud Claim .......................16
      C.    Plaintiff's Claims Seeking Equitable Relief Must Be Dismissed................17
            1.    Plaintiff Lacks Article III Standing to Pursue Injunctive
                  Relief........................................................................17
            2.    Plaintiff's Claims for Damages Provide an Adequate
                  Remedy .......................................................................18
IV.   CONCLUSION..........................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Chevron Corp.*,
    656 F.3d 925 (9th Cir. 2011) ........................................................................13, 14

*In re Ambry Genetics Data Breach Litig.*,
    567 F. Supp. 3d 1130 (C.D. Cal. 2021) ..............................................................14

*Anderson v. Apple Inc.*,
    500 F. Supp. 3d 993 (N.D. Cal. 2020) ................................................................19

*In re Apple Processor Litig.*,
    2023 WL 5950622 (9th Cir. 2023) ......................................................................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................6

*Augustine v. Talking Rain Bev. Co.*,
    386 F. Supp. 3d 1317 (S.D. Cal. 2019)...............................................................12

*Azimpour v. Sears, Roebuck & Co.*,
    2016 WL 7626188 (S.D. Cal, Oct. 17, 2016) .....................................................11

*Barrett v. Apple Inc.*,
    523 F. Supp. 3d 1132 (N.D. Cal. 2021) ..............................................................19

*Barrett v. Optimum Nutrition, Inc.*,
    No. 21-4398, 2022 WL 2035959 (C.D. Cal. Jan. 12, 2022)...............................16

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    2018 WL 3995832 (N.D. Cal. Aug. 21, 2018), *aff'd*, 945 F.3d 1225 (9th Cir. 2019).........................8

*Beecher v. Google N. Am. Inc.*,
    2018 WL 4904914 (N.D. Cal. Oct. 9, 2018).......................................................14

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) ..............................................................................6

*Bradley v. Luxottica of America, Inc.*,
    No. 3:24-cv-02401-L-AHG (S.D. Cal. Dec. 19, 2024).........................................1

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ................................................................15

*Brown v. Starbucks Corp.*,
    2019 WL 4183936 (S.D. Cal. Sept. 3, 2019)......................................................12

*Browning v. Am. Honda Motor Co.*,
    549 F. Supp. 3d 996 (N.D. Cal. 2021) ................................................................20

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) ...............................................................................10

*Carvalho v. HP, Inc.*,
    2022 WL 2290595 (N.D. Cal. June 24, 2022) ....................................................12

*ChromaDex, Inc. v. Elysium Health, Inc.*,
    2020 WL 1279236 (C.D. Cal. Jan. 16, 2020) .....................................................13

*Cimoli v. Alacer Corp.*,
    546 F. Supp. 3d 897 (N.D. Cal. 2021) ................................................................18

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) .............................................................................................17

*In re Coca-Cola Prods. Mktg. & Sales Practices Litig. (No. II)*,
    No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021) ..............................17

*Colby v. Skechers U.S.A. Inc.*,
    No. 2:25-cv-00843-MRA-ADS (C.D. Cal. Jan. 30, 2025) ...................................1

*Cook v. L.L.Bean Inc.*,
    No. 2:24-cv-10065-JLS-PD (C.D. Cal. Nov. 1, 2024) ........................................1

*Copelan v. Techtronics Indus. Co.*,
    95 F. Supp. 3d 1230 (S.D. Cal. 2015).................................................................6

*Cordes v. Boulder Brands USA, Inc.*,
    2018 WL 6714323 (C.D. Cal. Oct. 17, 2018)......................................................18

*Crowe v. Trek Bicycle, Corp.*,
    No. 1:25-cv-00133-KES-BAM (E.D. Cal. Jan. 31, 2025) ...................................1

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012) .............................................................................16

*Dennis v. Ralph Lauren Corp.*,
    2016 WL 7387356 (S.D. Cal. Dec. 20, 2016)......................................................12

*DiCicco v. PVH Corp.*,
    2020 WL 5237250 (S.D.N.Y. Sept. 2, 2020)...................................................11, 12

*Donohue v. Apple, Inc.*,
    871 F. Supp. 2d 913 (N.D. Cal. 2012) ................................................................13

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ............................................................................8, 15

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**Case No. 2:24-cv-10065**

*Evans v. DSW, Inc.*,
    2017 WL 7058232 (C.D. Cal. Sept. 14, 2017) .................................................................13

*Fink v. Time Warner*,
    714 F.3d 739 (2d Cir. 2013)...........................................................................................9

*Freeman v. Time, Inc.*,
    68 F. 3d 285 (9th Cir. 1995) ...........................................................................................9

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    2020 WL 5492990 (C.D. Cal. Sep. 9, 2020)..................................................................20

*GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir.1994) ..........................................................................................10

*Guzman v. Polaris Indus. Inc.*,
    49 F.4th 1308 (9th Cir. 2022) ...................................................................................19, 20

*Hadley v. Kellogg Sales Co.*,
    2017 WL 1065293 (N.D. Cal. Mar. 21, 2017) ...............................................................7

*Haley v. Macy's, Inc.*,
    263 F. Supp. 3d 819 (N.D. Cal. 2017) ..........................................................................10

*Hooked Media Grp., Inc. v. Apple Inc.*,
    55 Cal. App. 5th 323 (2020) .........................................................................................15

*Hovsepian v. Apple, Inc.*,
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009)...............................................................15

*Hughes v. Apple, Inc.*,
    No. 22-CV-07668, 2024 WL 4828072 (N.D. Cal. Nov. 18, 2024*)* ................................19

*In re iPhone 4s Consumer Litig.*,
    637 F. App'x 414 (9th Cir. 2016) ....................................................................................7

*Kavehrad v. Vizio, Inc.*,
    No. 2022 WL 16859975 (C.D. Cal. Aug. 11, 2022)......................................................13

*Kim v. Bluetriton Brands, Inc.*,
    2024 WL 243343 (9th Cir. Jan. 23, 2024) .......................................................................8

*Kim v. Carter's Inc.*,
    598 F.3d 362 (7th Cir. 2010) .........................................................................................14

*King v. MKS Instruments, Inc.*,
    2017 WL 11636659 (C.D. Cal. Nov. 21, 2017)............................................................14

*Klein v. Chevron U.S.A., Inc.*,
    202 Cal. App. 4th 1342 (2012), *as modified on denial of reh'g* (Feb. 24, 2012) .................15

iv

*Knievel v. ESPN,*
    393 F.3d 1068 (9th Cir. 2005) ............................................................................6

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) ...................................................................................18

*Krantz v. Old Copper Co.,*
    No. 2:24-cv-10031-SPG-BFM (C.D. Cal. Nov. 11, 2024) ................................1

*Lanovaz v. Twinings N. Am., Inc.,*
    726 F. App'x 590 (9th Cir. 2018) .....................................................................17

*Lisner v. SPARC Grp. LLC,*
    2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) .................................................11

*In re MacBook Keyboard Litig.,*
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .................................................20

*Matic v. U.S. Nutrition, Inc.,*
    2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) .................................................18

*McGinity v. Procter & Gamble Co.,*
    69 F.4th 1093 (9th Cir. 2023) ........................................................................8, 9

*Millam v. Energizer Brands, LLC,*
    2024 WL 2988210 (9th Cir. June 14, 2024) ..................................................8, 9

*Moody v. Hot Topic, Inc.,*
    2023 WL 9511159 (C.D. Cal. Nov. 15, 2023)..................................................6

*Moore v. Trader Joe's Co.,*
    4 F.4th 874 (9th Cir. 2021) ...........................................................................8, 9

*Mullins v. Premier Nutrition Corp.,*
    No. 13-01271, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom. Sonner v.
Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020) .................................19

*Multifamily Captive Grp., LLC v. Assur. Risk Managers, Inc.,*
    629 F. Supp. 2d 1135 (E.D. Cal. 2009)...........................................................15

*Nacarino v. Chobani, LLC,*
    2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) ..................................................20

*Nationwide Biweekly Admin., Inc. v. Superior Court,*
    9 Cal. 5th 279 (2020) .......................................................................................18

*Nguyen v. Stephens Inst.,*
    529 F. Supp. 3d 1047 (N.D. Cal. 2021) ...........................................................15

*Nunez v. Best Buy Co.*,
  315 F.R.D. 245 (D. Minn. 2016) ............................................................................................11

*Orona v. Patagonia, Inc.*,
  No. 3:25-cv-00140-MMA-AHG (S.D. Cal. Jan. 22, 2025) ....................................................1

*Pemberton v. Nationstar Mortg. LLC*,
  331 F. Supp. 3d 1018 (S.D. Cal. 2018) ................................................................................16

*Perez v. Build-A-Bear Workshop, Inc.*,
  No. 3:24-cv-02268-AGS-DEB (S.D. Cal. Dec. 5, 2024) ........................................................1

*Porras v. StubHub, Inc.*,
  No. C12-1225, 2012 WL 3835073 (N.D. Cal. Sept. 4, 2012) ..............................................16

*Rael v. New York & Co., Inc.*,
  2016 WL 7655247 (S.D. Cal. Dec. 28, 2016) .......................................................................11

*Recek v. Von Maur, Inc*,
  No. 1:25-cv-00044-JLT-SKO (E.D. Cal. Jan. 9, 2025) ..........................................................1

*Robey v. PVH Corp.*,
  495 F. Supp. 3d 311 (S.D.N.Y. 2020) ...................................................................................11

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal. 4th 979 (2004) ..........................................................................................................16

*Robles v. Gojo Indus., Inc.*,
  2022 WL 2163846 (C.D. Cal. Mar. 16, 2022), *aff'd*, 2023 WL 4946601 (9th Cir. Aug.
  3, 2023) ...................................................................................................................................8

*Romero v. Flowers Bakeries, LLC*,
  No. 2016 WL 469370 (N.D. Cal. Feb. 8, 2016) ...................................................................13

*Rutherford Holdings, LLC v. Plaza Del Rey*,
  223 Cal. App. 4th 221 (2014) ...............................................................................................15

*Saroya v. Univ. of the Pac.*,
  503 F. Supp. 3d 986 (N.D. Cal. 2020) ..................................................................................15

*Seegert v. Luxottica Retail N. Am., Inc.*,
  No. 17CV1372 JM(BLM), 2018 WL 3472561 (S.D. Cal. July 19, 2018) ...................10, 12

*Shaulis v. Nordstrom Inc.*,
  120 F. Supp. 3d 40 (D. Mass. 2015) .....................................................................................15

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) .................................................................................................19

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**Case No. 2:24-cv-10065**

*Sperling v. DSWC, Inc.*,
   699 F. App'x 654 (9th Cir. 2017) ............................................................. 10, 11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ............................................................................ 6

*Stark v. Patreon, Inc.*,
   635 F. Supp. 3d 841 (N.D. Cal. 2022) ............................................................. 6

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) ........................................................ 13

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ....................................................................................... 17

*Swearingen v. Santa Cruz Nat., Inc.*,
   2016 WL 4382544 (N.D. Cal. 2016) ............................................................. 14

*Taylor v. Nike, Inc.*,
   2017 WL 663056 (D. Or. Feb. 17, 2017) ......................................................... 7

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ....................................................................................... 17

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .......................................................................... 6

*Wu v. iTalk Glob. Commc'ns, Inc.*,
   2021 WL 5176799 (C.D. Cal. Feb. 2, 2021) ................................................. 20

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* ................................................... *passim*

Cal. Bus. & Prof. Code § 17500, *et seq.* .................................................. 3, 6, 17, 18

Cal. Civ. Code § 1770 ............................................................................... *passim*

Cal. Com. Code § 2607(3)(A) ............................................................................ 13

**Other Authorities**

Fed. R. Civ. Pro. 8 ............................................................................................. 10

Fed. R. Civ. Pro. 9 ................................................................................. 6, 7, 10, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

Over the last decade, hundreds of class-action lawsuits have been filed across the country accusing retailers of deceiving consumers by perpetually offering items on sale. Plaintiff's counsel has filed many such cases in recent months.[1]  Plaintiff's First Amended Complaint ("FAC") here shows why the Court should reject this "one-size-fits all" approach.

Most complaints in deceptive pricing cases allege that retailers advertised flashy temporary sales to create a false sense of urgency and to trick customers into making impulsive purchases.  But here, Macy's clearly advertised the "Halo Bypass Ring" at issue (the "Ring") as being on clearance—i.e., that it would not return to full price.  Plaintiff's own screenshot shows that the price display for the Ring states in all caps: "LAST ACT: FINAL SALE ⓘ."  FAC ¶ 55.  The informational pop-up (ⓘ) displays an additional disclosure: "Last Act items are final sale and cannot be returned. Extra savings do not apply."  *See* RJN, Ex. A.  Further, Macy's provides even more information under a "<u>Details</u>" link following the strike-through price.  FAC ¶ 55.  This link explains, *inter alia*, that "some Original prices may not have been in effect during the past 90 days."  (*Id*., Ex. B.)  These disclosures, which are incorporated by reference into the FAC and also subject to judicial notice, foreclose any possibility of deception.

Rather than opposing Macy's motion to dismiss the original complaint, Plaintiff filed an amended complaint that made only a handful of non-substantive changes.  Plaintiff's FAC notably fails to address any of these multiple, conspicuous disclosures, presumably

---

[1] *Krantz v. Old Copper Co.*, No. 2:24-cv-10031-SPG-BFM (C.D. Cal. Nov. 11, 2024); *Perez v. Build-A-Bear Workshop, Inc.*, No. 3:24-cv-02268-AGS-DEB (S.D. Cal. Dec. 5, 2024); *Bradley v. Luxottica of America, Inc.*, No. 3:24-cv-02401-L-AHG (S.D. Cal. Dec. 19, 2024); *Recek v. Von Maur, Inc*, No. 1:25-cv-00044-JLT-SKO (E.D. Cal. Jan. 9, 2025); *Orona v. Patagonia, Inc.*, No. 3:25-cv-00140-MMA-AHG (S.D. Cal. Jan. 22, 2025); *Colby v. Skechers U.S.A. Inc.*, No. 2:25-cv-00843-MRA-ADS (C.D. Cal. Jan. 30, 2025); *Crowe v. Trek Bicycle, Corp.*, No. 1:25-cv-00133-KES-BAM (E.D. Cal. Jan. 31, 2025); *Cook v. L.L.Bean Inc.*, No. 2:24-cv-10065-JLS-PD (C.D. Cal. Nov. 1, 2024).

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 2:24-cv-10065**

conceding that they put her on notice that the Ring was part of Macy's clearance inventory.

Regardless, Plaintiff fails to identify *any* facts to support her conclusory allegation that Macy's "rarely, if ever, offered" the Ring at its reference price. Instead, Plaintiff repeatedly recognizes that at least some items *are* offered at full price and alleges no facts suggesting the Ring is not among them.

While the FAC contains two cherry-picked irrelevant examples (a Versace watch and a PlayZoom watch) that Plaintiff claims were offered at a discount once every month or two, nothing about this practice is deceptive—not for the watches, and not for the Ring. The only fact in the FAC concerning the Ring is that Plaintiff bought it on Clearance at a very low price. The Court should reject Plaintiff's invitation to find that the fact of a sale is, in and of itself, sufficient to suggest that the sale was false or deceptive.

Plaintiff's common-law claims fail for additional reasons. While she pursues nationwide claims for fraud, negligent misrepresentation, unjust enrichment, and breach of contract, she never says which state's laws governs these claims (notwithstanding Macy's same argument in its previous motion). Her breach-of-contract claim is barred because she did not provide notice of any alleged breach and has not identified any term that was breached. California does not recognize unjust enrichment as a cause of action. And because Plaintiff alleges purely economic losses arising from the alleged breach of a contract, the economic-loss doctrine bars her misrepresentation claims.

Finally, Plaintiff cannot seek equitable relief—i.e., restitution or injunctive relief—because Macy's disclosures ensure that she will not be deceived in the future, and she does not explain why damages are an inadequate remedy.

# I.    FACTUAL BACKGROUND

## A.    What Is in the FAC

On June 5, 2024, Plaintiff purchased the Ring from Macy's website for just $17.93—a significant discount from its stricken-through, higher reference price of $60. FAC ¶¶ 52–58. Plaintiff allegedly bought the Ring because she "felt that the discounted price would likely not last, and that she was getting a significant bargain on the product," which she

allegedly believed was worth $60.  (*Id*. ¶ 56.)  The FAC includes the following screenshot reflecting what Plaintiff allegedly saw (*id*. ¶ 55):

**Cubic Zirconia Pear Halo Bypass Ring in Silver Plate**

★★★☆☆  3.2 (6)

LAST ACT: FINAL SALE ⓘ

$17.93  ~~$60.00~~  <u>Details</u>

Plaintiff contends that Macy's did not offer the Ring for $60 in the 90 days preceding her purchase, and that she was injured because the Ring was worth less than $60.  (*Id*. ¶ 60.)  She claims that had she "known the truth, she would not have bought the product for the price that she did."  (*Id*. ¶ 64.)

More generally, Plaintiff contends that "Macy's advertises perpetual or near perpetual discounts on <u>many</u> of its products" (*id*. ¶ 5, emphasis added) but never identifies ***which*** products she contends fall within this category.  Instead, on behalf of a nationwide class and California subclass, she purports to bring claims on behalf of "All individuals who . . . purchased from the Defendant'[s] website one or more products that were advertised or promoted by displaying or disseminating a reference price or discount for an item that was not advertised for sale at the reference price at any point in the 90 days preceding their purchase."  (*Id*. ¶ 71.)  Plaintiff purports to bring claims under California's Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL"), and for breach of contract, unjust enrichment, fraud, and negligent misrepresentation.

### B.    What Is Not in the FAC

Macy's original motion to dismiss argued that reasonable consumers would not have believed the Ring was recently offered at full price, given that its product page made clear the product was on clearance.  Plaintiff ignores this fact, and Macy's numerous disclosures, including the "LAST ACT:  FINAL SALE ⓘ" verbiage reiterating that this item was on

clearance and the "Details" link immediately following the reference price which provides:

**Pricing Policy**                                                                              —

Our Regular (REG) and Original (ORIG) prices are based on a number of factors that include cost,
profit margin, expected demand, inventory levels, competition and promotional activity, such as
sales and coupons. Regular and Original prices are our own offering prices. That means we
offered the merchandise in our stores or on macys.com at those prices, though we may not have
sold items at that price. So, the savings we show from these prices may not be based on actual
sales of the items at the higher price. In addition, some Original prices may not have been in effect
during the past 90 days, and intermediate markdowns may have been taken. Limited quantities,
while supplies last.

Placing items in your cart does not reserve them. If you leave an item in your cart, both pricing and
availability are subject to change.

_____

Savings Based On Offering Prices, Not Actual Sales

(RJN, Exs. A and B.)  In her Opposition, Plaintiff does not dispute that reasonable consumers would see these disclosures or understand them to mean the item was being liquidated.

Although Plaintiff vaguely claims that she thought she was receiving a "deal," she offers no insights as to how recently, or frequently, she expected the Ring to have been offered at full price—especially in light of the disclosures above—or what specific representations by Macy's led her to that interpretation.  FAC ¶ 56.  While the FAC (like the original Complaint) repeatedly refers to terms such as "discount," "normal" and "regular" price, and "savings," in quotation marks, (*id*. ¶¶ 5, 20, 33), Plaintiff still does not identify a single place—anywhere—she saw these words.  Similarly, while she claims to have seen an unspecified "advertisement boasting significant 'savings' on various products," she offers no details concerning when and where she saw it, or what it specifically said or looked like.  FAC ¶ 53.

4

Nor does Plaintiff allege any facts to support her conclusory allegation that the Ring was never offered at its "reference price." (*Id*. ¶ 29.) Macy's emphasized this same fatal deficiency in its motion to dismiss the previous Complaint. In response, Plaintiff amended the Complaint, but only to list a few dates between February 13, 2024, and May 31, 2025, when Macy's allegedly offered the Ring on sale—just a handful of times per month. Even assuming the Ring was on sale on these isolated dates, that does not establish it was *never* offered at its reference price. The FAC fails to bridge that gap.

The FAC's allegations concerning a handful of other items (e.g., *id*. ¶¶ 7–8, 45–51) are irrelevant, as Plaintiff does not claim that she purchased or even viewed advertisements for any of these items. The FAC also includes a chart of items that Plaintiff contends were offered on sale between April 1, 2024, and July 9, 2024, but alleges no facts suggesting that these sales were "perpetual." (*Id*. ¶ 45.)

The FAC is also silent as to Macy's predominant sales channel: brick-and-mortar stores. Although Plaintiff recognizes that Macy's "operates numerous brick-and-mortar retail stores throughout California," she alleges nothing about the Ring's pricing in those stores. (*Id.* ¶ 16.) Plaintiff does not claim, for example, that the Ring, or the other items referenced in the FAC, were never offered at full-price in-store—including in the 90 days before her purchase.

Plaintiff also does not allege that purchasing the Ring caused her any injury. For example, she does not allege that the Ring was damaged or defective, did not meet her expectations, or was worth less than the $17.93 she actually paid. She merely claims it was not worth the $60 reference price. She does not identify any statement by Macy's to support that interpretation.

Finally, while Plaintiff alleges claims on behalf of anyone who bought "products" from Macy's website that were "advertised or promoted by displaying or disseminating a reference price or discount for an item that was not advertised for sale at the reference price at any point in the 90 days preceding their purchase," she leaves Macy's to guess what merchandise the FAC covers. (*Id*. ¶ 71.) Nevertheless, she admits that "not every

1    advertised sale is in fact false, and as such, without substantial effort, Plaintiff and other

2    consumers cannot know which sales are false and which are true." (*Id.* ¶ 67.)

3    **II.    LEGAL STANDARD**

4        To survive a motion to dismiss, a complaint "must contain sufficient factual matter,

5    accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

6    556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7    The Court need not "accept as true unwarranted deductions of fact, unreasonable

8    inferences, or allegations that are merely conclusory." *Sprewell v. Golden State Warriors*,

9    266 F.3d 979, 988 (9th Cir. 2001).

10        Additionally, Plaintiff's claims are all subject to Rule 9(b) because she alleges "a

11    unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the

12    basis of a claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003);

13    see also *Moody v. Hot Topic, Inc.*, 2023 WL 9511159, at *9 (C.D. Cal. Nov. 15, 2023)

14    (breach-of-contract, warranty, FAL, UCL, and CLRA claims).    Rule 9(b) "prohibit[s]

15    plaintiffs from unilaterally imposing upon the court, the parties and society enormous

16    social and economic costs absent some factual basis" *Bly-Magee v. California*, 236 F.3d

17    1014, 1018 (9th Cir. 2001).

18        The incorporation-by-reference doctrine permits the Court to consider documents

19    referenced in the Complaint whose authenticity is not questioned by the parties.  *Copelan*

20    *v. Techtronics Indus. Co.*, 95 F. Supp. 3d 1230, 1236-37 (S.D. Cal. 2015). This rule

21    "prevents plaintiffs from selecting only portions of documents that support their claims,

22    while omitting portions of those very documents that weaken—or doom—their claims."

23    *Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 850 (N.D. Cal. 2022). This rationale "applies

24    with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d

25    1068, 1076 (9th Cir. 2005).

26    //

27    //

28    //

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.    ARGUMENT

### A.    All of Plaintiff's Claims Fail Because She Pleads No Facts that the Pricing on her Ring Was Misleading

#### 1.    *Plaintiff Does Not Specify Her Theory of Deception*

To satisfy Rule 9(b), Plaintiff cannot simply claim that a representation is false—she must "explain what is false or misleading about the statement made and *why it is false*." *In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415–16 (9th Cir. 2016) (citation omitted).

Here, Plaintiff pleads no details concerning how she actually interpreted the price display on the Ring—a critical element in her claim that she was misled. She claims she didn't receive the "deal" she expected but sheds no light on what that means. For example, she never explains for how long, or how recently, before her purchase, she expected the Ring to be sold for $60, or what Macy's said that led to this expectation. Her vague claims are similar to those rejected in *In re iPhone*, where the plaintiffs claimed that Apple's product demonstrations "fraudulently misled [them] into believing Siri would perform consistently." *Id*. Importantly, they "fail[ed] to define what level of consistency they expected from these representations and how often Siri actually performed as requested." *Id*. The Ninth Circuit concluded that "[f]ailure to meet Plaintiffs' undefined expectations of consistency does not render Apple's representations misleading," and the plaintiffs therefore "failed adequately to allege why the representations were misleading." *Id*.; *see also Taylor v. Nike, Inc.*, 2017 WL 663056 at *6 (D. Or. Feb. 17, 2017) (dismissing for failure to articulate theory for why prices were deceptive); *Hadley v. Kellogg Sales Co.*, 2017 WL 1065293, at *7–8 (N.D. Cal. Mar. 21, 2017) (granting motion to dismiss where plaintiff claimed only that the product contained excessive sugar but did not specify "that the specific amount of added sugar for each product is unhealthy.").

Plaintiff cannot satisfy her pleading burden by alleging the Ring was not sold at full price in the preceding 90 days (FAC ¶¶ 36, 60)—because Plaintiff never claims she expected it to have been offered at that price recently. Pleading her own expectations

should have been easy, as that information is exclusively within Plaintiff's knowledge and understanding.  She failed to do so even after being given the opportunity to address this in her FAC.  Such facts are required for Macy's to defend itself, and necessary for the Court to analyze whether Plaintiff's understanding of the price display was reasonable.

### 2. *Reasonable Consumers Would Not Share Plaintiff's Interpretation, Particularly Given Macy's Clear Pricing Policy Disclosures*

Even if Plaintiff did expect the Ring to have been offered for $60 in the preceding 90 days (which she does not allege), her claim still fails because this expectation would not have been reasonable.

"The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers." *McGinity v. Procter & Gamble Co.,* 69 F.4th 1093, 1097 (9th Cir. 2023) (citations omitted).  This standard applies both to statutory and common-law claims. *Robles v. Gojo Indus., Inc.*, 2022 WL 2163846, at *7 (C.D. Cal. Mar. 16, 2022), *aff'd*, 2023 WL 4946601 (9th Cir. Aug. 3, 2023).  The relevant question "is how a reasonable consumer would interpret [terms] in the *context* of the specific commercial interaction that Plaintiff has challenged." *Becerra v. Dr Pepper/Seven Up, Inc.*, 2018 WL 3995832, at *4 (N.D. Cal. Aug. 21, 2018), *aff'd,* 945 F.3d 1225 (9th Cir. 2019) (emphasis added).

The Ninth Circuit regularly affirms dismissal of claims on the pleadings where a plaintiff has not plausibly alleged deception under the reasonable-consumer standard.  *See*, *e.g.*, *Ebner v. Fresh, Inc.,* 838 F.3d 958, 965 (9th Cir. 2016); *Millam v. Energizer Brands, LLC*, 2024 WL 2988210, at *2 (9th Cir. June 14, 2024); *Kim v. Bluetriton Brands, Inc.*, 2024 WL 243343, at *2 (9th Cir. Jan. 23, 2024); *McGinity*, 69 F.4th at 1100.

Moreover, to the extent an ad is ambiguous, customers will consider additional information (including from disclosures, context, and general knowledge) before arriving at conclusions.  *Moore v. Trader Joe's Co*., 4 F.4th 874, 882 (9th Cir. 2021); *McGinity*, 69 F.4th at 1097–98.  If the additional information available "would dissuade a reasonable consumer" from interpreting the display as the complaint proposes, dismissal is

warranted.  *Id*. at 1097; *accord Moore*, 4 F.4th at 882 (affirming dismissal).

Plaintiff flunks the reasonable-consumer test.  To pass, she needed to allege facts showing that it is probable—not just possible—that a significant portion of consumers who viewed Macy's website would understand the pricing display for the Ring to mean: (1) that the discount was only temporary, *and* (2) that Macy's offered the Ring at the higher reference price within the preceding 90 days.  But even after amending her Complaint, Plaintiff alleges no such facts.  She ignores the disclosures on the product page and offers no explanation for how a reasonable consumer could be misled by them.  These disclosures state, e.g.: "LAST ACT. FINAL SALE. ①" and "some Original prices may not have been in effect in the preceding 90 days." RJN, Ex. B.

Unsurprisingly, Courts reject theories of deception premised upon ignoring a retailer's disclosures.  *See Millam*, 2024 WL 2988210, at *2 (9th Cir. June 14, 2024) (affirming dismissal of deception claims that "would require the court to ignore [relevant] qualifiers . . . which a reasonable consumer would not do"); *Fink v. Time Warner*, 714 F.3d 739, 742 (2d Cir. 2013) ("the presence of a disclaimer or similar clarifying language may defeat a claim of deception"); *Freeman v. Time, Inc.,* 68 F. 3d 285, 289–90 (9th Cir. 1995) (rejecting plaintiff's argument that members of the public would ignore small qualifying language).

### 3.    *Plaintiff Pleads No Facts Suggesting That Macy's Never Offered the Ring at Full Price*

Plaintiff also fails to allege facts suggesting falsity.  Her theory is that the $60 reference price was "false," because Macy's never offered the Ring at that price, but she alleges no facts suggesting as much.  Instead, the FAC relies on wholly conclusory allegations, devoid of any facts:

> "Macy's rarely, if ever, offered its products at the advertised 'regular' reference prices, and did not do so for the product Plaintiff purchased at any time in the 90 days prior to that purchase." FAC ¶ 60.

> "But, the advertised 'sale' wasn't a deal, or even a sale, at all." *Id*. ¶ 62.

> "The advertised discounts were illusory, and the products were not worth the

reference price listed by Defendant, as Plaintiff was led to believe." *Id*. ¶ 66.

Rules 8 and 9 require more.  Plaintiff must set forth "specific descriptions of the representations made, [and] the reasons for their falsity." *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548–53 (9th Cir.1994) (citing, *inter alia*, *Moore v. Kayport Package Exp.*, 885 F.2d 531, 540 (9th Cir. 1989) ("mere conclusory allegations of fraud are insufficient" . . . plaintiffs must "demonstrate the falseness of the charged statements")).

Generally, courts in the Ninth Circuit have refused to allow plaintiffs to proceed past the pleadings stage by simply pointing to a price and asserting that it is false.  And notably, they reach this conclusion even when plaintiffs allege substantially more than Plaintiff does here—for instance, even when the complaint alleges that an independent investigation shows that the retailer did not offer goods at their reference prices.  *See, e.g.*, *Sperling v. DSWC, Inc.*, 699 F. App'x 654 (9th Cir. 2017).  The case law reveals several key themes, each of which supports dismissal here:

**First, "[s]imply alleging that … [a given product was] never sold at list or regular price falls short of Plaintiff's pleading burden."** *Seegert v. Luxottica Retail N. Am., Inc.*, No. 17CV1372 JM(BLM), 2018 WL 3472561, at *3–4 (S.D. Cal. July 19, 2018) (emphasis added); *see also Sperling*, 699 F. App'x at 655.  In addition to the single day Plaintiff bought the Ring, her FAC added a few dates per month in the three months preceding her purchase of the Ring, where the Ring was allegedly sold at the sale price of $17.93.  FAC ¶ 61.  But the fact that a given item was on sale on a given day, or even a number of days, "does not show a constant or perpetual sale of any particular merchandise." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 738 (7th Cir. 2014).

This is especially true when, as here, Plaintiff admits that "not every advertised sale is in fact false, and as such, without substantial effort, Plaintiff and other consumers cannot know which sales are false and which are true." FAC ¶ 67.  Thus, as in *Haley v. Macy's, Inc.*, Plaintiff cannot sustain a claim based on the theory that Macy's "did not sell [the product she purchased] at the original or regular price, while at the same time asserting that she '[has] no realistic way to know' whether that is true." 263 F. Supp. 3d 819, 824 (N.D.

Cal. 2017) (citation omitted).  She cannot rely on such "unsupported allegations of belief as a 'pretext for the discovery of unknown wrongs.'"  *Id.*

**Second, the fact that other, irrelevant items (which Plaintiff did not view or purchase) were frequently on sale does not suggest that Plaintiff's Ring was deceptively priced.**  Thus, in *Nunez v. Best Buy Co.*, 315 F.R.D. 245, 250 (D. Minn. 2016), and *Azimpour v. Sears, Roebuck & Co.*, 2016 WL 7626188, *7 (S.D. Cal, Oct. 17, 2016), the fact that a third-party study showed that numerous randomly selected items were perpetually on sale for 42 weeks was insufficient to suggest that the items the plaintiffs purchased were deceptively priced.  *See, e.g.*, *Nunez*, 315 F.R.D. at 247.  *Id.* at 250 ("the CSS Study lends little—if any—support to the allegation that $199.99 was not the true 'regular' price of the microwave Nunez purchased, because it simply does not address that product").

Other cases have gone even further, dismissing under Rule 9(b) even where the plaintiffs had collected data on thousands of products.  *Robey v. PVH Corp.*, 495 F. Supp. 3d 311, 323 (S.D.N.Y. 2020); *see also Lisner v. SPARC Grp. LLC*, 2021 WL 6284158, at *6 (C.D. Cal. Dec. 29, 2021); *DiCicco v. PVH Corp.*, 2020 WL 5237250, at *3–4 (S.D.N.Y. Sept. 2, 2020) (dismissing "claims alleging false discount pricing, [as] generalized allegations of an investigation do not suffice under Rule 9(b)").

Here, Plaintiff alleges much less.  The FAC alleges no facts suggesting that *any* item sold by Macy's was perpetually offered at a discount, including the Ring that Plaintiff purchased.

**Third, even when a plaintiff claims that she investigated the retailer's pricing (which Plaintiff does not claim to have done), she must allege details of her alleged investigation.**  *Sperling*, 699 F. App'x. at 655.  Here, Plaintiff does not even contend that her claims are supported by any kind of investigation, much less "specify a single detail of [her] alleged investigation."  *Rael v. New York & Co., Inc.*, 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016).  She certainly has not alleged any facts suggesting that she "conduct[ed] a pre-complaint investigation 'in sufficient depth to assure that the charge of

fraud is responsible and supported.'"  *See Seegert*, 2018 WL 3472561 at *3–4 (dismissing pricing claim).

**Finally, where a given item is sold in multiple channels (such as in-store and online), a plaintiff cannot state a claim for deceptive pricing without alleging facts concerning those other channels.**  *See*, *e.g.*, *Dennis v. Ralph Lauren Corp.*, 2016 WL 7387356, at *4 (S.D. Cal. Dec. 20, 2016) (granting motion to dismiss when plaintiff did not allege the item "was unavailable at the $74.99 price at other locations offering Ralph Lauren products, such as the 'Polo retail store[s], high-end department stores, and related online stores'"); *Carvalho v. HP, Inc.*, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022) (no investigation into other retailers that sold the same products); *DiCicco*, 2020 WL 5237250, at *4 (no factual allegations concerning the validity of pricing from other retailers selling comparable products).

Despite recognizing that Macy's sells its products both in-store and online (FAC ¶ 16), Plaintiff ignores the possibility that the Ring was offered at full price in-store, as opposed to online.  Plaintiff cannot state a claim for deceptive pricing without such facts.

**B.    Plaintiff's Common-Law Claims Fail for Additional Reasons**

**1.    *Plaintiff Fails to Allege Which State Law Governs Those Claims***

Plaintiff (a California resident) pleads her common-law claims—fraud, negligent misrepresentation, breach of contract, and unjust enrichment—on behalf of a putative nationwide class, against Macy's (a Delaware corporation).  FAC ¶¶ 11–12, 71.  However, Plaintiff does not allege which state's law governs those claims: California's, Delaware's, or the laws of all 50 states.  This should be an easy question to answer, and yet Plaintiff failed to add this detail to the FAC even after Macy's raised the same argument in its previous motion.

District courts routinely hold that a "[p]laintiff's failure to identify which state law governs their common law claims means the claims brought on behalf of the nationwide class have not been adequately pled."  *Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019); *see also Brown v. Starbucks Corp.*, 2019 WL 4183936, at

*7–8 (S.D. Cal. Sept. 3, 2019); *Romero v. Flowers Bakeries, LLC*, No. 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016); *Kavehrad v. Vizio, Inc.*, No. 2022 WL 16859975, at *3–4 (C.D. Cal. Aug. 11, 2022). Plaintiff's common law claims must be dismissed for this reason.

### 2.    *Plaintiff's Breach-of-Contract Claim Fails for Additional Reasons*

Plaintiff's breach-of-contract claim fails both procedurally, as Plaintiff failed to provide the required notice, and substantively, as Plaintiff misconstrues the contract.

#### a.    Plaintiff Fails to Allege That She Provided Pre-Suit Notice Required by California Law

To the extent Plaintiff claims that California law governs her nationwide claim for breach of contract, it should be dismissed for lack of pre-suit notice.

California Commercial Code § 2607(3)(A) requires that a "buyer must, within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." The purpose of giving notice is simple: it allows the supposed breaching party "to cure the breach and thereby avoid the necessity of litigating the matter in court." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 931–932 (9th Cir. 2011); see also *Donohue v. Apple, Inc.* 871 F. Supp. 2d 913, 929–30 (N.D. Cal. 2012). The buyer has the burden of alleging and proving reasonable notice. *Stearns v. Select Comfort Retail Corp.,* 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010) (citation omitted).

Here, Plaintiff deprived Macy's of notice. Plaintiff does not claim (nor can she claim) that she provided pre-suit notice of any alleged breach. While Plaintiff purports to have provided Macy's with a CLRA notice (FAC ¶ 151), this letter says nothing about any alleged breach of contract and therefore cannot satisfy this requirement. *See Evans v. DSW, Inc.*, 2017 WL 7058232, at *5 (C.D. Cal. Sept. 14, 2017) (CLRA notice was inadequate under Section 2607 because "[a]bsent from the CLRA letter are any facts, claims, or representations signaling Plaintiff's intent to bring breach of warranty or breach of contract claims."); see also *ChromaDex, Inc. v. Elysium Health, Inc.*, 2020 WL 1279236, at *4 (C.D. Cal. Jan. 16, 2020) (pre-suit notice "failed to satisfy the purpose of

the notice statute" by allowing defendant the opportunity to "reduce damages, avoid defective products in the future, and negotiate settlements") (citation omitted).  This letter therefore could not have put Macy's on notice of the alleged breach and cannot satisfy Section 2607.

Because failure to provide proper notice cannot be cured through amendment, the Court should dismiss Plaintiff's breach-of-contract claim with prejudice.  *See Alvarez*, 656 F.3d at 932; *Swearingen v. Santa Cruz Nat., Inc.*, 2016 WL 4382544, at *11 (N.D. Cal. 2016).

### b.    Plaintiff Does Not Allege Any Term that Macy's Breached

Plaintiff's contract claim is also inadequately pled, as she does not "allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1143–44 (C.D. Cal. 2021).  Plaintiff alleges that "The terms of Defendant's offer provided that Defendant would sell Plaintiff and the members of the Class products that have a market value equal to the reference prices displayed." FAC ¶ 112.  However, the FAC identifies no statement in the parties' sales contracts about the "market value" of the Ring that Plaintiff agreed to purchase.  *See Beecher v. Google N. Am. Inc.*, 2018 WL 4904914, at *2 (N.D. Cal. Oct. 9, 2018) (dismissing breach-of-contract claim where no contractual term made the alleged promises); *King v. MKS Instruments, Inc.*, 2017 WL 11636659, at *3 (C.D. Cal. Nov. 21, 2017) (same).  Moreover, Macy's pricing disclosures (*see* pp. 3-4, *supra*) negate any claim that Macy's failed to provide the promised discount.

Plaintiff's allegation that the promised discount was a "material term" of the contract is also unavailing.  A contract cannot be interpreted to include a specific discount to some unspecified "regular" price, rather than the clear listed price.  *See Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010) ("[I]t 'strains common sense' to conclude that the parties actually intended to apply the advertised 30% discount to some lower, undisclosed, regular price.").  Where, as here, a retailer charges the agreed-upon price for the agreed-upon product, the buyer received the benefit of her bargain and there is no breach.  *See, e.g., id.*

at 364; *Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40, 55 (D. Mass. 2015).

### 3.    Plaintiff's Claim for Unjust Enrichment Also Fails

Plaintiff's unjust-enrichment claim (*i.e.*, quasi-contract) must be dismissed with prejudice because "California does not recognize a cause of action for unjust enrichment." *Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 336 (2020); see also *Brodsky v. Apple Inc*., 445 F. Supp. 3d 110, 132–33 (N.D. Cal. 2020) (collecting cases). Where, as here, a plaintiff's underlying causes of action fail, a "claim for unjust enrichment cannot stand alone as an independent claim for relief." *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17, 2009) (citing *Jogani v. Superior Ct.,* 165 Cal. App. 4th 901, 911 (2008)); *Ebner,* 818 F.3d at 808.

Moreover, Plaintiff's unjust-enrichment claim is barred because she claims that she entered a contract with Macy's and does not allege that this contract is unenforceable or invalid. *See, e.g.*, *Klein v. Chevron U.S.A., Inc*., 202 Cal. App. 4th 1342, 1388–90 (2012), *as modified on denial of reh'g* (Feb. 24, 2012) (holding that plaintiffs are "precluded from asserting a quasi-contract" where "plaintiffs' breach of contract claim pleaded the existence of an enforceable agreement"). "[A] Plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid." *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020); *see also Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014); *Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1056–57 (N.D. Cal. 2021).

### 4.    Plaintiff's Intentional- and Negligent-Misrepresentation Claims Must Be Dismissed Under the Economic-Loss Rule

Plaintiff's negligent- and intentional-misrepresentation claims must be dismissed with prejudice because they are barred by the economic-loss rule. That rule bars tort claims when (a) a contract between the parties exists, (b) the alleged "misrepresentations at the center of plaintiffs' claim is the contract itself," and (c) the damages sought are "the same economic losses arising from the alleged breach of contract." *Multifamily Captive Grp.,*

*LLC v. Assur. Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009). "Where damages are purely economic, recovery may only be in contract." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004).

Here, Plaintiff's intentional- and negligent-misrepresentation claims are grounded in the same representations underlying her breach-of-contract claim. FAC ¶¶ 87, 99, 112. Because these contract-based tort claims allege only economic losses, any recovery must be in contract, not tort. *See, e.g., Barrett v. Optimum Nutrition, Inc.*, No. 21-4398, 2022 WL 2035959, at *4 (C.D. Cal. Jan. 12, 2022) (economic-loss rule barred intentional- and negligent-misrepresentation claims because the alleged "representation concern[ed] how much Product the buyer would receive for the purchase price, and the breach amount[ed] to receiving less than what was represented at that price").

### 5.    *Macy's Disclosures Foreclose Plaintiff's Fraud Claim*

To state a claim for common-law fraud, Plaintiff must establish, *inter alia*, that Macy's intended to deceive her, and that she justifiably relied on the deceptive conduct. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012). Macy's detailed disclosures prevent her from satisfying either requirement.

Although Plaintiff alleges Macy's "intentionally deceived" her, the disclosures on Macy's website eviscerate her claim. *Pemberton v. Nationstar Mortg. LLC*, 331 F. Supp. 3d 1018, 1047 (S.D. Cal. 2018) ("'[M]ere conclusory allegations' that representations or omissions 'were intentional and for the purpose of defrauding and deceiving plaintiffs . . . are insufficient.'") That is, if Macy's actually intended to defraud Plaintiff, it would not have gone out of its way to include so many disclosures on the product page.

Plaintiff also failed to plead facts showing justifiable reliance. It was unreasonable for Plaintiff to ignore Macy's disclosures and to simply assume the ring had been offered for sale at the original price within the 90 days before her purchase. *See Davis*, 691 F.3d at 1163–64 (holding plaintiff's reliance "was manifestly unreasonable" by making assumptions instead of reading the terms and conditions); *Porras v. StubHub, Inc.*, No. C12-1225, 2012 WL 3835073, at *7 (N.D. Cal. Sept. 4, 2012) (dismissing fraud claim

because website terms and conditions negated justifiable reliance element).

## C.    Plaintiff's Claims Seeking Equitable Relief Must Be Dismissed

### 1.    *Plaintiff Lacks Article III Standing to Pursue Injunctive Relief*

Plaintiff lacks Article III standing to seek injunctive relief under the UCL, FAL, and CLRA.  Plaintiff bears the burden of demonstrating that she has standing, and she "must demonstrate standing for each claim that [she] press[es] and for each form of relief that [she] seek[s]." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).  For injunctive relief, which is a prospective remedy, the threat of injury must be "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  In other words, the "threatened injury must be *certainly impending*; allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409 (2013).

Plaintiff's alleged future harm is purely speculative.  She claims she "desires to shop at Defendant's website in the future" and "continues to be interested in purchasing products that are sold by Defendant and offered at discounted prices."  FAC ¶¶ 67–68.  But she fails to plead facts demonstrating that she has ever bought, or will ever buy, any discounted products from Macy's other than the clearance Ring at the center of this lawsuit.  Plaintiff's vague and speculative professions of future intent do not suggest that Plaintiff will suffer any injury if injunctive relief is not entered.  *In re Coca-Cola Prods. Mktg. & Sales Practices Litig. (No. II)*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("the imminent injury requirement is not met by alleging that the plaintiffs would *consider* purchasing Coke"); *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) ("A 'profession of an inten[t] … is simply not enough' to satisfy Article III." (citing *Lujan*, 504 U.S. at 564)).

Plaintiff also claims that she was "intentionally deceived" because Defendant did not offer the Ring at the original price "at any time in the 90 days prior to [her] purchase" (FAC ¶ 60) and "she will be unable to trust and rely on Defendant's website pricing" *Id*. ¶ 68.  The Macy's website, however, explicitly discloses its pricing policies via the "Details" popup link on the product page.  (*Id*. ¶ 55.)

Put simply, Plaintiff cannot allege a risk of future deception when she is now fully aware of Macy's pricing practices, even if she neglected to review the pricing policy at the time of her original purchase.  Macy's disclosures inform customers that the Ring may never have sold at the original price, the discount may not be based on sales at the original price, and the original price may not have been in effect during the past 90 days.  RJN, Ex. B; *see Cordes v. Boulder Brands USA, Inc*., 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) (plaintiff lacked standing for injunctive relief because "now that [p]laintiff is on notice about potential underfilling, he could easily determine the number of pretzels in each package before making a future purchase by simply reading the back panel"); *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 907 (N.D. Cal. 2021) (plaintiff lacked standing for injunctive relief because now that "Plaintiff knows that he can determine the Products' dosages by consulting the back labels, Plaintiff cannot plausibly allege that he faces a real or immediate threat of similar, future harm"); *Matic v. U.S. Nutrition, Inc*., 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019) (plaintiff lacked standing because "he knows precisely where to find" clarifying information on a product label).  Armed with this knowledge, Plaintiff can develop her own opinions as to whether a discounted price is enough of a bargain from the original price that it is worth it to buy the product.

Because she can no longer plausibly claim a likelihood of future deception, there is no imminent threatened injury, and she lacks Article III standing to pursue injunctive relief.

### 2.    *Plaintiff's Claims for Damages Provide an Adequate Remedy*

Plaintiff's unjust-enrichment claim (Count IV), claim for injunctive relief under the CLRA (Count V), FAL claims (Counts VI and VII), and UCL claim (Count VIII) must be dismissed because Plaintiff fails to plead facts showing the damages available under her fraud, negligent-misrepresentation, breach-of-contract, and CLRA claims constitute an inadequate remedy at law.[2]

---

[2] FAL and UCL claims are equitable in nature and the only remedies under these statutes are restitution and injunctive relief.  *Nationwide Biweekly Admin., Inc. v. Superior Court*, 9 Cal. 5th 279, 326 (2020); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134,

18

"In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022). The plaintiff bears the burden to show she lacks an adequate remedy at law. *Guzman*, 49 F.4th at 1311–13; *Hughes v. Apple, Inc.,* No. 22-CV-07668, 2024 WL 4828072, at *6 (N.D. Cal. Nov. 18, 2024*)* ("Because the remedy for unjust enrichment is restitution, the plaintiffs must show that they lack an adequate remedy at law."). "In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available, not whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit." *Mullins v. Premier Nutrition Corp.*, No. 13-01271, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom. Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).

In the context of UCL and CLRA claims, the Ninth Circuit has consistently affirmed the dismissal of equitable relief claims when plaintiffs fail to demonstrate why monetary damages would be inadequate. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of motion to dismiss); *Guzman*, 49 F.4th at 1312; *In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. 2023). The same principle applies to unjust-enrichment claims. *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1157 (N.D. Cal. 2021) (dismissing quasi-contract claim because "under *Sonner*, a quasi-contract claim cannot survive a motion to dismiss unless the proponent adequately pleads that no legal remedy exists"). "Under *Sonner*, [Plaintiff] [is] required, at a minimum, to plead that [she] lack[s] an adequate remedy at law, which [Plaintiff] ha[s] not done." *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020).

The alleged predicate for each of Plaintiff's claims is identical: that Macy's deceptively advertises products as on sale by showing inflated "reference" (or original) prices that are rarely or never charged, and that customers would not purchase "the products at the purported 'sale' price but for the misleading reference price." FAC ¶¶ 1, 38, 40, 64,

---

1144 (2003).

66.  The sole injury that Plaintiff claims across all claims is purely economic: allegedly paying too much for the Ring.  In that context, there is no reason why money would not make her whole.  *See, e.g., In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) ("[b]ecause Plaintiffs' claims rest on their alleged overpayments and Apple's failure to issue refunds, the Court finds that monetary damages would provide an adequate remedy for the alleged injury.").  After all, "lost money is the exact type of harm that money damages can adequately remedy."  *Wu v. iTalk Glob. Commc'ns, Inc.*, 2021 WL 5176799, at *3 (C.D. Cal. Feb. 2, 2021).

Not only has Plaintiff failed to show that damages are inadequate, but she also has not offered "any related argument, such as showing that restitution under the CLRA or UCL would be more certain, prompt, or efficient than the legal remedies" requested.  *Nacarino v. Chobani, LLC*, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021); *see also Gibson v. Jaguar Land Rover N. Am.*, *LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sep. 9, 2020) (same; "there is nothing in the SAC to suggest that monetary damages would not make Plaintiffs or the putative class whole").

Since Plaintiff did not (and cannot) plead that she lacks an adequate remedy at law, her equitable claims for restitution and prospective injunctive relief fail.  *Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1014 (N.D. Cal. 2021) ("plaintiffs must allege some facts suggesting that damages are insufficient to make them whole when seeking equitable relief") (internal quotation marks omitted); *see also Guzman*, 49 F.4th at 1312–13 (holding UCL claim should have been dismissed for lack of equitable jurisdiction because CLRA claim for damages constituted adequate remedy at law).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's claims and allegations in the FAC should be dismissed or stricken.

1    Dated:  April 30, 2025                    Respectfully submitted,

2
                                              *s/ Meegan B. Brooks*
3                                             STEPHANIE SHERIDAN (CA 135910)
                                              MEEGAN B. BROOKS (CA 298570)
4                                             CHRISTOPHER STRETCH (CA 166752)
                                              NICOLETTE SHAMSIAN (CA 341466)
5                                             Benesch, Friedlander, Coplan & Aronoff LLP
6
7                                             MICHAEL C. CHRISTMAN (SBN 319758)
                                              Macy's Law Department
8
9                                             Attorneys for Defendant
                                              MACY'S INC.
10

11          The undersigned, counsel of record for Macy's Inc., certifies that this brief contains

12   6,786 words, which complies with the word limit of L.R. 11-6.1.

13

14   Dated:  April 30, 2025                    Respectfully submitted,

15
                                              *s/ Meegan B. Brooks*
16                                            STEPHANIE SHERIDAN (CA 135910)
                                              MEEGAN B. BROOKS (CA 298570)
17                                            CHRISTOPHER STRETCH (CA 166752)
                                              NICOLETTE SHAMSIAN (CA 341466)
18                                            Benesch, Friedlander, Coplan & Aronoff LLP
19
20                                            MICHAEL C. CHRISTMAN (SBN 319758)
                                              Macy's Law Department
21
22                                            Attorneys for Defendant
                                              MACY'S INC.
23

24

25

26

27

28

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**Case No. 2:24-cv-10065**