UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:24-cv-10065-JLS-PD　　　　　　　　　　　　　　Date: July 01, 2025
Title: Golnaz Paya v. Macy's Inc.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:
Not Present　　　　　　　　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　(IN CHAMBERS)　ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (Doc. 31)**

Before the Court is a motion to dismiss filed by Defendant Macy's Inc. (Mot., Doc. 31.) Plaintiff Golnaz Paya opposed, and Defendant replied. (Opp., Doc. 40; Reply, Doc. 47.) The Court finds this matter appropriate for decision without oral argument, and the hearing set for July 11, 2025, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court DENIES IN PART and GRANTS IN PART Defendant's motion.

## I. BACKGROUND

This putative class action challenges an alleged pricing scheme by Defendant to advertise its discounted products at significantly inflated "reference" or "regular" prices. (First Amended Complaint ("FAC") ¶¶ 1–3, Doc. 27.) According to Plaintiff, these prices mislead consumers into believing that the listed discount is more advantageous, causing consumers to pay more for a product than they otherwise would pay and to purchase merchandise they otherwise would not purchase. (*Id.*) Plaintiff contends that the advertised discounts are illusory because Defendant "rarely, if ever," offers or sells its products at the reference or regular prices displayed on its website. (*Id.* ¶ 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-10065-JLS-PD                                                                Date: July 01, 2025
Title:  Golnaz Paya v. Macy's Inc.

On June 5, 2024, Plaintiff purchased a Cubic Zirconia Pear Halo Bypass Ring in Silver Plate (the "Ring") on Defendant's website for $17.93.  (*Id.* ¶¶ 53–55.)  The following screenshot of Defendant's website, included in the operative FAC, depicts what Plaintiff saw when purchasing the Ring:



(*Id.* ¶ 55.)

Plaintiff alleges that she purchased the Ring because the strikethrough reference price of $60 and "Last Act: Final Sale" label led her to believe "she was getting a significant bargain on the product" that "would likely not last."  (*Id.* ¶ 56.)  Plaintiff understood the $60 strikethrough reference price to reflect the price at which Defendant

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-10065-JLS-PD                                                                 Date: July 01, 2025
Title:  Golnaz Paya v. Macy's Inc.

had sold the Ring "within the previous 90 days."  (*Id*. ¶ 62.)  However, Plaintiff alleges that after her purchase, an investigation conducted by her counsel revealed that Defendant had not sold the Ring at $60 within the 90 days preceding her purchase.  (*Id.* ¶¶ 60–61.)

Plaintiff alleges that her counsel's investigation found Defendant's pricing scheme to be "systematic and widespread," such that "many of its products" are advertised as perpetually discounted.  (*Id.* ¶¶ 5, 69.)  For example, the investigation revealed that 15 other jewelry products and accessories were continuously offered as "discounted" from the "reference prices" between April 1, 2024 and July 9, 2024.  (*Id.* ¶¶ 45–46.)  Plaintiff alleges that these 16 products represent "merely a fraction" of those listed as "discounted" on Defendant's website "when, in fact, they were not listed any time for the referenced price in the preceding 90 days."  (*Id.* ¶ 46.)

Plaintiff filed the FAC on April 16, 2025, asserting claims against Defendant for fraud, negligent misrepresentation, breach of contract, unjust enrichment, violation of California's Consumer Legal Remedies Act ("CLRA"), violation of California's False Advertising Law ("FAL"), and violation of California's Unfair Competition Law ("UCL").  (FAC ¶¶ 86–193.)  Plaintiff seeks to represent a nationwide class and a California subclass, both consisting of "[a]ll individuals who, within the applicable limitations period, purchased one or more products from Defendant that were advertised or promoted by displaying or disseminating a reference price or discount for an item that was not advertised for sale at the reference price at any point in the 90 days preceding their purchase."  (*Id.* ¶¶ 52, 71–72.)  Plaintiff seeks injunctive relief, equitable restitution, actual damages, punitive damages, costs, and attorney fees.  (*Id.* at 60.)

Defendant now moves to dismiss, arguing: (1) Plaintiff failed to plead her claims with particularity under Rule 9(b); (2) Defendant's advertising is not misleading as a matter of law; (3) Plaintiff lacks Article III standing to seek injunctive relief; (4) Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-10065-JLS-PD                                              Date: July 01, 2025
Title:  Golnaz Paya v. Macy's Inc.

failed to plead an inadequate remedy at law, as is required to seek equitable relief; (5) Plaintiff failed to allege which state law governs her common law claims; (6) Defendant lacked pre-suit notice of Plaintiff's breach of contract claim; (7) Plaintiff failed to state claims for breach of contract, unjust enrichment, and fraud; and (8) the economic loss doctrine bars Plaintiff's claims for negligent and intentional misrepresentation.  (*See generally* Mot.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).  The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (cleaned up).  Finally, courts are to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (indicating that the Rule 15(a)(2) policy is to be applied with "extreme liberality").

## III.   ANALYSIS

### A.  Rule 9(b)'s Heightened Pleading Standard

Defendant argues that Plaintiff's claims fall short of Rule 9(b)'s heightened pleading standard, which requires that claims sounding in fraud be pled with "particularity."  Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  As this Court has noted, "it is not clear that Rule 9(b)'s heightened standard applies to negligent misrepresentation claims under California law."  *Saari v. Hygenic Corp.*, 2019 WL 994403, at *2 (C.D. Cal. Jan. 9, 2019) (Staton, J.).  However, even assuming that Rule 9(b) applies, Plaintiff has pled her claims with particularity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-10065-JLS-PD                                                                 Date: July 01, 2025
Title:  Golnaz Paya v. Macy's Inc.

To satisfy Rule 9(b), plaintiffs "must allege the 'who, what, where, when, and how' of the misconduct and explain what is false or misleading about the statement made and why it is false." *In re Iphone 4s Consumer Litig.*, 637 Fed. App'x 414, 415 (9th Cir. 2016) (citing *Cafasso ex. rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).  The Rule 9(b) standard may be relaxed, however, "as to matters within the opposing party's knowledge." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  In this situation, a pleading is sufficient under Rule 9(b) if its allegations are "specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge[.]" *Kearns*, 567 F.3d at 1124.

Here, Plaintiff alleges that her claims stem from Defendant's use of strikethrough reference prices and the "Last Act-Final Sale" label on its website—the *who, what*, and *where* of the alleged fraud.  Plaintiff alleges the date on which she purchased the Ring from Defendant's website and that, on that date, she relied on the strikethrough reference price and "Last-Act Final Sale" label when making her decision to purchase the Ring—the *when*.  Plaintiff also makes clear *how* the reference prices are allegedly false or misleading: the strikethrough reference prices and "Last Act-Final Sale" label misleadingly convey to consumers that the reference price is the price at which Defendant recently offered the product in question.

Defendant contends that Plaintiff does not sufficiently explain why the strikethrough references prices are misleading because she "pleads no details" regarding "how recently, before her purchase, she expected the Ring to be sold at the reference price." (Mot. at 17.)  Not so.  Plaintiff alleges that, upon seeing the strikethrough reference price of $60, she "thought that the Ring was sold at $60 within the previous 90 days." (FAC ¶¶ 56, 62.)  Plaintiff thus makes plain what Plaintiff expected the reference price to convey: the price at which Defendant had sold the product within the past 90 days.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-10065-JLS-PD                                             Date: July 01, 2025
Title:  Golnaz Paya v. Macy's Inc.

Finally, Plaintiff has pled sufficient facts to demonstrate the falsity of Defendant's strikethrough reference prices.  Plaintiff alleges that these prices are false because they "rarely, if ever" reflect the price at which Defendant offers or sells its products.  (*Id.* ¶¶ 5–6.)  To support this allegation, Plaintiff points to the results of her pre-suit investigation, which entailed (i) tracking the price of the Ring each week for the three months preceding her purchase and (ii) tracking the price of 15 other jewelry products and accessories between April 1, 2024, and July 9, 2024.  (*Id.* ¶¶ 45, 61.)  Plaintiff's investigation revealed that these 16 products were perpetually listed as "on sale" and were "not sold at the reference price at any point" during the tracking periods.  (*Id.* ¶¶ 45–46, 61.)

Defendant contends that Plaintiff's allegations are insufficient to establish the falsity of the reference prices because Plaintiff "ignores the possibility that the Ring was offered at full price in-store, as opposed to online." (Mot. at 22.)  But nothing in the FAC suggests that Defendant's alleged pricing scheme is limited to its website.  Rather, the FAC broadly alleges that Defendant "rarely, if ever, offers [its] products [at] the reference price" while acknowledging that Defendant has "brick and mortar retail stores within the State of California."  (FAC ¶¶ 6, 14.)  Of course, it is possible that Defendant offers its products at the reference prices displayed on its website at its in-store locations.  That information, however, is likely known only to Defendant.  Plaintiff cannot reasonably be expected to have detailed knowledge of Defendant's in-store pricing practices without conducting discovery.  Ultimately, Plaintiff has pled enough facts to put Defendant on notice of the alleged fraudulent practices, and that is all that Rule 9(b) requires under the circumstances.  *See Covell v. Nine West Holdings, Inc.*, 2018 WL 558976, at *4 (S.D. Cal. Jan. 25, 2018) (declining to dismiss pleading on Rule 9(b) grounds where, "[w]ithout an opportunity to conduct any discovery, Plaintiff [could not] be reasonably be expected to have detailed personal knowledge of [Defendant]'s internal pricing policies"); *see also Safransky v. Fossil Grp., Inc.*, 2018 WL 1726620, at *12 (S.D. Cal. Apr. 9, 2018) (noting that "plaintiffs are not required to plead that they had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-10065-JLS-PD                                                            Date: July 01, 2025
Title:  Golnaz Paya v. Macy's Inc.

conducted a pre-suit investigation—or include the results of such investigations—in every case, particularly where the information is not within the personal knowledge of the pleader") (citing *Stathakos v. Columbia Sportswear Co.*, 2016 WL 1730001, at *4 (N.D. Cal. May 2, 2016)).

### B. Whether Reasonable Consumers Would be Deceived by Defendant's Representations

Defendant next argues that the strikethrough reference prices and "Last Act: Final Sale" label are not false or misleading as a matter of law because of price disclosures available on Defendant's website.  (Mot. at 18–19.)  The Court concludes that this argument does not foreclose Plaintiff's claims at the motion-to-dismiss stage.

According to Defendant, the "Last Act: Final Sale" label on the product page is accompanied by an information "ⓘ" icon that allows consumers to click for "Details." (Mot. at 18–19.)  Consumers who click "Details" are then directed to a separate webpage containing Defendant's "Pricing Policy," which provides:

> "Our Regular (REG) and Original (ORIG) prices are based on a number of factors that include cost, profit margin, expected demand, inventory levels, competition and promotional activity, such as sales and coupons. Regular and Original prices are our own offering prices. That means we offered the merchandise in our stores or on macy's.com at those prices, though we may not have sold items at that price. So, the savings we show from these prices may not be based on actual sales of the items at the higher price. In addition, some Original prices may not have been in effect during the past 90 days, and intermediate markdowns may have been taken. Limited quantities while supplies last."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-10065-JLS-PD            Date: July 01, 2025
Title: Golnaz Paya v. Macy's Inc.

(Exs. A & B, Request for Judicial Notice, Doc. 31-1.)[1]

      The Court recently rejected a similar argument at the motion-to-dismiss stage in *Poulopoulos v. Optics Planet, Inc.*, 2024 WL 3822774, at *6 (C.D. Cal. Aug. 8, 2024) (Staton, J.). The plaintiff there claimed that the defendants' use of crossed-out reference prices and a "Save ___%" label on its website deceived consumers into believing that the reference prices were the prices "at which either OpticsPlanet or their competitors recently offered the product in question." *Id.* at *5. The defendants argued that reasonable consumers would be unlikely to be deceived by those representations based on disclosures contained on a separate "FAQs" webpage on OpticPlanet's website. *Id.* at *6. But the Court determined that "this fine-print contained on a webpage separate from the product pages displaying the complained-of price advertising [did] not defeat [the plaintiff]'s claims" as a matter of law. *Id.* In reaching that conclusion, the Court found instructive the Ninth Circuit's legal framework for evaluating whether a complaint has plausibly alleged that a reasonable consumer could be misled by a front-label misrepresentation on a product where that product has a back-label "disclaimer" or other back-label "fine-print." *Id.* In such cases, "[a] court may rely on a back-label disclaimer only if the front label's representation is 'ambiguous,' with ambiguous defined as a representation where 'consumers would necessarily require more information before reasonably concluding that the label is making a particular representation.'" *Id.* (citing *Whiteside v. Kimberly Clark Corp.*, 108 F. 4th 771, 781 (9th Cir. 2024)). "By contrast, where a plaintiff has 'plausibly alleged that a reasonable consumer could interpret the front label' as unambiguously making a particular representation, such a plausible

---

[1] The Court assumes without deciding that Defendant's pricing disclosures are either incorporated by reference into the FAC or are properly subject to judicial notice because these disclosures do not warrant the dismissal of Plaintiff's claims even when taking notice of them. As explained below, California substantive law renders these disclosures irrelevant in this case at the motion-to-dismiss stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-10065-JLS-PD                                                                                      Date: July 01, 2025
Title:  Golnaz Paya v. Macy's Inc.

allegation 'preclude[s] … reliance on the back-label' disclaimer." *Id.* (citing *Whiteside*, 108 F. 4th at 782).

Like *Poulopoulus*, this case "presents something approximating an online analog to the 'front-back dichotomy' presented by the physical product in *Whiteside*." *Id.* (citing *Whiteside*, 108 F. 4th at 778).  Plaintiff has plausibly alleged that reasonable consumers would see the strikethrough reference price and "Last Act-Final Sale" label depicted on the product page (the front-label analog) as an unambiguous representation that the reference price is the price at which Defendant had recently sold the item.  This plausible allegation precludes Defendant from relying on the disclosures contained in the "Pricing Policy" page (the back-label analog) to defeat Plaintiff's claims at the motion-to-dismiss stage.

### C.  Availability of Equitable Relief

Defendant moves to dismiss Plaintiff's claims for equitable relief under the CLRA, FAL, and UCL on the grounds that (1) Plaintiff lacks Article III standing to seek injunctive relief because the risk of future harm to Plaintiff is speculative; and (2) Plaintiff cannot seek equitable restitution because she fails to allege that she lacks an adequate remedy at law.  (Mot. at 27–29.)

The Court rejects Defendant's first argument.  Article III requires plaintiffs to show a threat of future injury that is "actual and imminent, not conjectural or hypothetical" to obtain injunctive relief.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  *Davidson* confirmed that a "previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase."  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018).  For example, plaintiffs may establish the risk of future harm based on plausible allegations that they "might purchase the product in the future, despite the fact it was once marred by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-10065-JLS-PD    Date: July 01, 2025
Title:  Golnaz Paya v. Macy's Inc.

false advertising or labeling, as [they] may reasonably, but incorrectly, assume the product was improved."  *Id.* at 969–70.

    Plaintiff's allegations sufficiently establish a risk of future harm under *Davidson*.  Plaintiff alleges that she "desires to shop at Defendant's website in the future" but will be "unable to trust and rely on Defendant's pricing" absent an injunction because she "cannot be certain that Defendant has corrected the deceptive pricing scheme."  (FAC ¶¶ 67–68.)  Though Plaintiff now knows that the reference prices advertised on Defendant's website do not have the meaning she understood them to convey when she purchased the Ring, she has no way of knowing whether a future discount is legitimate without again tracking Defendant's pricing history over time.  Thus, as in *Davidson*, Plaintiff may purchase products from Defendant in the future under the reasonable but incorrect assumption that this time, the discount is genuine.  *See Ostrovskaya*, 2022 WL 2102895, at *4 (finding allegation that plaintiff "desires to continue to shop at [Defendant's] Stores" if "she could determine whether she was receiving products at a true bargain" sufficient to demonstrate standing to pursue injunctive relief under *Davidson*); *see also Poulopoulus*, 2024 WL 3822774, at *3 (similar).

    Because Plaintiff plausibly alleges inadequate legal remedies as to the forward-looking injury supporting her request for injunctive relief under the FAL, CLRA, and UCL, the Court need not consider whether Plaintiff plausibly alleges inadequate legal remedies as to the past injuries underlying her request for equitable restitution under these claims.  Even if Defendant were correct that Plaintiff cannot seek equitable restitution under these claims, Defendant's motion would not—as it is required to—dispose of an entire claim.  *See Kan v. Gen. Motors LLC*, 2023 WL 11197090, at *1 (C.D. Cal. Nov. 7, 2023) (Staton, J.) ("A 12(b)(6) motion must seek to dispose of an entire claim."); *Hernandez v. Path*, 2012 WL 5194120, at *6 n.7 (N.D. Cal. Oct. 19, 2012) ("Federal Rule of Civil Procedure 12(b)(6) is not an appropriate device to eliminate a portion of a claim.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-10065-JLS-PD                                    Date: July 01, 2025
Title:  Golnaz Paya v. Macy's Inc.

### D. Common Law Claims

Defendant argues that Plaintiff's common law claims for breach of contract, unjust enrichment, negligent misrepresentation, intentional misrepresentation, and fraud should be dismissed because Plaintiff "fails to allege which state law governs those claims." (Mot. at 22.)  Although the FAC does not specifically plead which state law applies, Plaintiff asserts that she brings her common law claims under California law.  (Opp. at 20.)  As Defendant points to nothing in the FAC inconsistent with this assertion, the Court declines to dismiss Plaintiff's common law claims on this basis.  But the Court GRANTS Plaintiff leave to amend the FAC to clarify that California law governs these claims.

The Court therefore turns to Defendant's claim-specific arguments for dismissal of Plaintiff's common law claims.

### 1. Breach of Contract

Defendant moves to dismiss Plaintiff's breach of contract claim for two reasons, neither of which is availing.

*First*, Defendant argues that Plaintiff failed to provide Defendant with adequate pre-suit notice of the breach.  (Mot. at 23–24.)  California Commercial Code Section 2607(3)(A) provides that "[a] buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy."  The purpose of this notice requirement is "to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011).  Plaintiff claims she provided adequate notice to Defendant on August 1, 2024, when she sent Defendant a CLRA notice letter that outlined Defendant's allegedly deceptive pricing scheme.  (FAC ¶ 151.)  Plaintiff did not commence this lawsuit until November 21, 2024.  (Compl., Doc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-10065-JLS-PD                                   Date: July 01, 2025
Title: Golnaz Paya v. Macy's Inc.

1.) Because Plaintiff's breach of contract and CLRA claims are premised on the same factual allegations, the Court finds that Plaintiff adequately alleges that the CLRA letter provided Defendant with ample time and sufficient notice to cure its breach.

Citing *Evans v. DSW, Inc.*, 2017 WL 7058232, at *5 (C.D. Cal. Sept. 14, 2017), Defendant contends that the CLRA letter is insufficient because it does not specifically mention Plaintiff's intent to bring a breach of contract claim. (Reply at 15.) But *Evans* is readily distinguishable. There, the defendant had virtually no time to cure its breach or negotiate a settlement because the earliest the defendant could have received the CLRA letter was the day the suit was filed. *Evans*, 2017 WL 7058232, at *5. The CLRA letter in *Evans* further deprived the defendant of an adequate opportunity to cure the breach because it failed to mention the term of the contract underlying the plaintiff's breach of contract claim. *Id.* Here, in contrast, Plaintiff sent the CLRA letter to Defendant more than three months before filing suit, and Defendant does not contest that the same factual allegations underlie Plaintiff's CLRA and breach of contract claims.

*Second*, Defendant argues that the FAC fails to state a breach of contract claim because it does not specify the terms of the contract that Defendant allegedly breached. (Mot. at 24.) The Court disagrees. Plaintiff bases her breach of contract claim on "the terms advertised [by Defendant] at the point of sale"—that is, the allegedly deceptive prices advertised on Defendant's website detailed throughout the FAC. (FAC ¶ 111.) Plaintiff alleges that those terms "provided that Defendant would sell Plaintiff and [class members] products that have a market value equal to the reference prices displayed" but failed to do so, depriving Plaintiff and class members of the promised discount. (*Id.* ¶¶ 112, 117.) Although thin, these allegations provide Defendant with enough notice of the terms of the contract it allegedly breached to defend itself and are sufficient to state a breach of contract claim. *See Munning v. Gap, Inc.*, 2016 WL 6393550, at *7 (N.D. Cal. Oct. 28, 2016) (concluding that advertised price reductions supported breach of contract claim based on allegations that plaintiff did not receive the "benefit of the bargain"); *see*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-10065-JLS-PD　　　　　　　　　　　　　　　　Date: July 01, 2025
Title: Golnaz Paya v. Macy's Inc.

*also Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1103 (N.D. Cal. Mar. 11, 2022) (finding that plaintiff stated a breach of contract claim based on allegations that defendant would "provide a product that had a value equal to the reference price and failed to do so," instead providing clothing of a value less than what was promised).

### 2. Unjust Enrichment

"[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). But "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id.* Defendant argues that, even construing Plaintiff's unjust enrichment claim as a quasi-contract claim, the claim must be dismissed because Plaintiff entered into a valid, enforceable contract with Defendant governing her purchase. (Mot. at 25.) The Court agrees.

Plaintiff contends that she should be permitted to plead her quasi-contract claim in the alternative to her breach of contract claim at the pleading stage. (Opp. at 24.) In general, a plaintiff may assert inconsistent theories of recovery at the pleading stage. *See* Fed. R. Civ. P. 8(d)(2)–(3). But "a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid." *Saroya v. Univ. of the Pacific*, 503 F. Supp. 3d 986, 989 (N.D. Cal. 2020); *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012) ("A plaintiff may not … pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter."). Because the FAC contains no allegations denying the existence or enforceability of the alleged enforceable contract, Plaintiff's quasi-contract claim is DISMISSED WITH LEAVE TO AMEND.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:24-cv-10065-JLS-PD | Date: July 01, 2025 |
| Title: Golnaz Paya v. Macy's Inc. | |

### 3. Negligent and Intentional Misrepresentation

Defendant argues that Plaintiff's negligent and intentional misrepresentation claims are barred by the economic loss rule. (Mot. at 25–26.) Generally speaking, "[t]he economic loss rule precludes a plaintiff from attempting to recast a contract-based claim into a tort-based claim in order to seek tort-based remedies." *McCarthy v. Toyota Motor Corp.*, 2018 WL 6318841, at *9 (C.D. Cal. Sept. 14, 2018). Said differently, "a party to a contract generally cannot recover for pure economic loss—*i.e.*, damages that are solely monetary—that resulted from a breach of contract unless he can show a violation of some independent duty arising in tort." *Rattagan v. Uber Techs.*, Inc., 19 F.4th 1188, 1191 (9th Cir. 2021).

Plaintiff's Opposition does not respond to Defendant's argument that the economic loss rule bars her negligent and intentional misrepresentation claims. By failing to defend these claims against dismissal on this basis, Plaintiff has abandoned these claims. *See Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding plaintiff "effectively abandoned" her claim by failing to address argument raised in motion to dismiss). Accordingly, Plaintiff's negligent and intentional misrepresentation claims are DISMISSED WITH PREJUDICE.

### 4. Fraud

Finally, Defendant argues that Plaintiff's allegations are insufficient to support a claim for fraud. To state a claim for fraud in California, Plaintiff must plausibly allege, *inter alia*, that (1) Defendant intended to deceive her, and (2) Plaintiff justifiably relied on Defendant's misrepresentation. *See Davis v. HSBS Bank Nevada*, 691 F.3d 1152, 1163 (9th Cir. 2012). Defendant contends that the "Pricing Policy" disclosures on its website preclude Plaintiff from satisfying both these elements as a matter of law. The Court is not persuaded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-10065-JLS-PD                                              Date: July 01, 2025
Title: Golnaz Paya v. Macy's Inc.

As discussed above, Plaintiff has plausibly alleged that reasonable consumers would be likely to see the strikethrough reference price and "Last Act-Final Sale" label depicted on Defendant's product page as making an unambiguous representation that the strikethrough reference price is the price at which Defendant had offered the item in the preceding 90 days. *See supra*, Section III.B.1. Because reasonable consumers "would not necessarily require more information" before arriving at that conclusion, *Whiteside*, 108 F. 4th at 781, the Court rejects Defendant's argument that the fine-print contained on a separate webpage forecloses Plaintiff's fraud claim as a matter of law. Plaintiff's allegations are sufficient to show, at the motion-to-dismiss stage, that Defendant intended to mislead consumers by using the strikethrough reference price and "Last Act-Final Sale" label and that Plaintiff reasonably relied on those representations in making her purchase.

## IV.   CONCLUSION

For the above reasons, Defendant's motion is GRANTED IN PART as follows:

- Plaintiff's quasi-contract claim is DISMISSED WTH LEAVE TO AMEND; and

- Plaintiff's negligent and intentional misrepresentation claims are DISMISSED WITH PREJUDICE.

Defendant's motion is DENIED in all other respects. Plaintiff may file an amended pleading, correcting the deficiencies identified herein in a manner consistent with this Order and all Rule 11 obligations. Any amended pleading must be filed within **fourteen (14) days** of this Order. No new parties or claims may be added, and any claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-10065-JLS-PD				Date: July 01, 2025
Title: Golnaz Paya v. Macy's Inc.

not included in a timely-filed amended complaint will be deemed dismissed without leave to amend.

Initials of Deputy Clerk: kd